IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JEFFERY UGOCHUKWU NWOKOLO § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.  4:26-CV-00145-O |
| § | |
| NOEM § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court is Petitioner's Motion for Temporary Restraining Order (ECF No. 4) and Emergency Notice of Imminent Removal and Request for Immediate Ruling on Pending TRO (ECF No. 10). Petitioner's TRO rests on the assertion that he is being held with no plausible reason to believe deportation will occur in the near term, thus violating *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 4. Petitioner argues that removal was not reasonably foreseeable because "Nigeria has not conducted a consular interview or issued travel documents[.]" *Id.* However, Petitioner's notice states that "Petitioner may be removed from the United States as early as today February 13, 2026." ECF No. 10. Further, the notice states that "[a]t the time the Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order were filed, counsel had no confirmation that any consular interview had occurred, that travel documents had issued, or that removal had been scheduled." *Id.* Because Petitioner contradicts his own reason for believing removal is not reasonably foreseeable and fails to explain why deportation would render the controversy moot or strip this Court of jurisdiction, *see Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) ("deportation subsequent to the filing of the petition in habeas corpus does not deprive the courts of jurisdiction"), the Motion for Temporary Restraining Order (ECF No. 4) is

1

**DENIED**. Petitioner **SHALL** notify the Court of the agreed briefing schedule per the Court's February 11, 2026, Order (ECF No. 7) **no later than March 13, 2026**.

**SO ORDERED** on this **13th day** of **February 2026**.

*[signature: Reed O'Connor]*
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**