**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JEFFERY UGOCHUKWU NWOKOLO** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.  4:26-CV-00145-O** |
| | § | |
| **NOEM** | § | |
| | § | |
| **Defendant.** | § | |

## <u>ORDER</u>

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondent's Reply (ECF No. 14). Respondents ask the Court to dismiss the petition under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction because on March 13, 2026, ICE removed petitioner from the United States pursuant to a final order of removal. ECF No. 14. The Court agrees with Respondents but clarifies that this Court does not automatically lack jurisdiction solely because Petitioner is no longer in custody. *See Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) ("deportation subsequent to the filing of the petition in habeas corpus does not deprive the courts of jurisdiction").

"As the Supreme Court explained in *Spencer v. Kemna*, for a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition *and* that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution." *Id.* (citing *Spencer*, 523 U.S. 1, 7 (1998)). "The petitioner presents an Article III controversy when he demonstrates 'some concrete and continuing injury other than the now-ended incarceration'—a 'collateral consequence of the conviction.'" *Zalawadia*, 371 F.3d at

1

297 (citing *Spencer*, 523 U.S. at 7). Here, Plaintiff has not alleged or requested relief from any other injury other than the now-ended incarceration. For that reason, the Court **DISMISSES** Petitioner's Writ for Habeas Corpus (ECF No. 1) as moot.

 **SO ORDERED** on this **21st day** of **April 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**